Dear Representative Brummel:
This opinion letter is in response to certain of your questions concerning the operation of bingo games by an American Legion Post in St. Louis County. The information you have provided indicates as follows: The American Legion Post is licensed by the Missouri Department of Revenue to conduct bingo games. The games are conducted on premises owned by a separate not-for-profit association whose membership is restricted to members of the American Legion Post. The not-for-profit association has established a fee schedule for use of the premises which fee is charged the American Legion Post when it conducts bingo games and is charged to other groups when such other groups use the premises. Your first question asks if it is legally permissible for the American Legion Post to donate money from the bingo games it conducts to the not-for-profit association which donations are in addition to the fee charged for the use of the premises.
Further investigation reveals that the not-for-profit association is incorporated under Chapter 355 of the Missouri Revised Statutes, the general not-for-profit corporation law. The purpose clause of the articles of incorporation of the association states that it is organized to provide and maintain a building for the use and occupancy of the American Legion Post, specifically including the use of the building for all lawful and legal purposes commensurate with an American Legion Post, and for all other legal powers permitted a general not-for-profit corporation.
Subsection 1 of Section 313.040, RSMo Supp. 1987, provides:
 313.040. Restrictions. — The conducting of bingo is subject to the following restrictions:
 (1) The entire net receipts over and above the actual cost of conducting the game shall be exclusively devoted to the lawful, charitable, religious or philanthropic purposes of the organization permitted to conduct that game and no receipts shall be used to compensate in any manner any person who works for or is in any way affiliated with the licensed organization. Proceeds from the game of bingo may not be loaned to any person; provided, however, that this provision shall not prohibit the investment of the proceeds in any licensed banking or savings institution, instrument of the United States, Missouri or any political subdivision thereof. The actual cost of conducting the game shall only include the cost of the prizes, the purchasing or renting of the bingo cards, the purchasing or leasing of the equipment used in conducting the game, the lease rental on the premises in which the game is conducted to include an allocation of utility costs, if applicable, costs of providing security, including the employment of a reasonable number of security personnel at a compensation not to exceed fifty dollars per person for each day on which bingo is conducted and such personnel is actually present and engaged in security duties, and bookkeeping and accounting expenses;
Subsection 1 of Section 313.025, RSMo 1986, provides:
 313.025. Leases, approval by director — percentage of gross receipts as rent prohibited — lessors and suppliers may not operate games. — 1. If any applicant for licensure or organization licensed under sections 313.005 to 313.080 proposes to conduct bingo on leased premises or use leased equipment, the terms of the lease shall be reduced to writing and a copy of the lease shall be submitted to the director of revenue. The director shall have the authority to approve or disapprove any such lease. No lease which has been approved by the director of revenue shall be amended, modified or renewed in any manner until such amendments, modifications or renewals have been approved by the director of revenue. No lease providing for a rental arrangement for premises or equipment for use in the game shall provide for payment in excess of the reasonable market rental rate for such premises or equipment and in no case shall any payment be based on a percentage of gross receipts or proceeds. The reasonable market rental rate shall be determined by the director of revenue.
We presume that the fee charged by the not-for-profit association to the American Legion Post for the use of the premises when conducting bingo games is not in excess of the "reasonable market rental rate" as determined by the Director of Revenue pursuant to Section 313.025.
Based on the information obtained, we conclude that the American Legion Post may donate money from the bingo games it conducts to its affiliated not-for-profit association in addition to the fees charged for the use of the premises. Under Chapter 355, a not-for-profit corporation may be organized for many purposes: charitable, benevolent, eleemosynary, educational, civic, patriotic, political, religious, cultural, social welfare, etc. See Section 355.025, RSMo 1986. Among the powers granted to such a corporation is the power to receive and take by gift or otherwise any real or personal property for charitable, religious, educational, scientific or benevolent purposes and for such other purposes as may be necessary and proper for carrying on its legitimate affairs. See Section 355.090(5), RSMo 1986. The purpose for this association, as stated in its articles of incorporation, is to provide and maintain a building for the use and occupancy of an American Legion Post and to use that building for all lawful and legal purposes commensurate with an American Legion Post. Since the post has specific authority to conduct bingo games under licensure from the Director of Revenue pursuant to Section313.015, RSMo 1986, and the definition of "veterans organization" in Section 313.005(9), RSMo 1986, the donation of funds from bingo receipts in addition to the rental fees by the American Legion Post to its affiliated association does not violate the restrictions contained in Section 313.040. Ownership and maintenance of a building by an organization, whether directly or indirectly through an affiliated association whose purpose is to provide a building for that organization's use, is a lawful purpose of that organization.
Your second question concerns the issuance pursuant to Section 313.015, RSMo 1986, of special licenses to celebrate special events. Section 313.015 provides for the issuance of special licenses. The applicable provision in such section provides:
 The director may, upon application made by a county fair organization or by any organization qualified to receive a regular license, issue a special license authorizing such organization to conduct bingo for the period of any fair, picnic, festival or celebration conducted by such qualified organization not exceeding one week and which is held not more than once annually, and a special licensee shall be exempt from the provisions of subdivisions (7) and (12) of section 313.040. Each organization receiving a special license shall pay to the director of revenue a fee of twenty-five dollars, to be paid into the state treasury to the credit of the general revenue fund.
Subsections 7 and 12 of Section 313.040, RSMo Supp. 1987, to which Section 313.015 refers, provide:
 313.040. Restrictions. — The conducting of bingo is subject to the following restrictions:
* * *
 (7) The number of bingo days conducted by a licensee under the provisions of sections 313.005 to 313.080 shall be limited to one day per week;
* * *
 (12) A person who meets the same qualifications of sections 313.005 to 313.080 as a licensee may lease premises he owns, leases or otherwise is empowered to lease to no more than three licensees per calendar week; and a person who does not meet the qualifications of a licensee may lease premises he owns, leases or otherwise is empowered to lease to no more than one licensee per calendar week; provided, however, a licensee may lease premises he leases to other licensees, but the lease payment shall be no more than the prorated amount the original lessee pays or is charged for the same time under his lease; except that, under no circumstances may bingo be conducted on any single premise or location more than four times during any one week;
Your opinion request states:
 In the past year, the legion post has been obtaining special bingo permits in accordance with section 313.015 to celebrate contrived events that have no past history, no current or planned future significance to the American Legion. Special permits have been obtained to conduct bingo games in recognition of events such as Mother's Day, Labor Day, Thanksgiving, New Year's, etc. These games do not augment any other activity to recognize these days as being a special significance. These games exist solely to circumvent the total number of bingo games that may be conducted in any given week and the games net proceeds may be used in part to pay off the post's outstanding indebtedness.
Through the opinions process, this office can only address questions of law. The matter about which you are concerned is a question of fact as to whether a given special license is "for the period of any fair, picnic, festival or celebration conducted by such qualified organization not exceeding one week and which is held not more than once annually." Whether a given application for a special license meets the statutory requirements is a matter to be determined by the Director of Revenue in each instance.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General